United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 07-50078
Summary Calendar

DAN WHATLEY,

Plaintiff - Appellant,

versus

MOTOROLA DISABILITY INCOME PLAN; MOTOROLA INC.,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Texas
(1:05-CV-539)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

For this action under the Employee Retirement Income Security Act of 1974 (ERISA), Dan Whatley appeals the summary judgment against his challenge to the denial of short-term disability benefits under the Motorola Disability Income Plan (the Plan).

Whatley, a Motorola employee, suffered a neck injury in 1997, during a turbulent airplane flight. He continued working for Motorola until March 2002, when he went on leave for pain related

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

to the 1997 injury. Later that March, Whatley was seen by a physician, who diagnosed neck and spine injuries and declared him unable to work pending further medical evaluation. Whatley was reevaluated on 14 May and diagnosed with chronic neck pain, but released to work with no restriction. On 22 May, Whatley underwent an unrelated surgical procedure but was released to work as of June 2002. On 20 June, Whatley visited a third physician who agreed to certify him as disabled, but only until he could meet with a fourth physician in July 2002.

Whatley applied for short-term disability benefits under the Plan for the 180-day period beginning on 20 June 2002. The Plan is maintained and administered by Motorola. Whatley provided the Plan with medical information from the physicians with whom he had consulted. In July 2002, after reviewing his application, the Plan denied his benefits request.

Whatley appealed the decision in January 2003, providing new information from a physician who had found Whatley disabled as of 24 July 2002. Another document, however, completed by that same physician, suggested Whatley was no longer disabled as of November 2002. Motorola arranged for another examination of Whatley. That physician concluded Whatley was not disabled. The Plan denied Whatley's appeal in March 2003.

Whatley filed this action under ERISA, 29 U.S.C. § 1132(a)(1)(B), claiming the Plan abused its discretion in denying benefits. On cross motions for summary judgment, the district

2

court, finding substantial evidence supported the Plan's actions, awarded judgment to the Plan in November 2006.

A summary judgment is reviewed *de novo*, applying the same standards as the district court. *See **Robinson v. Aetna Life Ins. Co.**,* 443 F.3d 389, 392 (5th Cir. 2006). Because the Plan administrator has discretion to determine benefits claims, the administrator's interpretation of the plan terms is reviewed for abuse of discretion. ***Duhon v. Texaco, Inc.**,* 15 F.3d 1302, 1305 (5th Cir. 1994). "[O]ur review of the administrator's decision need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness — even if on the low end". ***Vega v. Nat'l Life Ins. Serv. Co.**,* 188 F.3d 287, 297 (5th Cir. 1999) (en banc). "Where, however, an administrator's decision is tainted by a conflict of interest, the court employs a 'sliding scale' to evaluating whether there was an abuse of discretion." ***MacLachlan v. ExxonMobil Corp.**,* 350 F.3d 472, 478 (5th Cir. 2003). This approach does not change the applicable standard of review, but only requires a reduction in the amount of deference provided to a plan administrator's decision. ***Id.***

Whatley claims the district court's standard of review was too deferential to the Plan. He contends the administrator had numerous conflicts of interest and committed numerous procedural errors warranting a substantial lessening of deference;

3

accordingly, the district court should have applied an almost *de novo* standard of review. Whatley offers *no* evidence of *any* conflict of interest, however, and the claimed three procedural errors, discussed below, do not warrant a lessening of the deference accorded the administrator, nor do his contentions about the asserted errors show an abuse of discretion.

Whatley first contends the Plan administrator failed to consider the Social Security Administration's (SSA) having awarded Whatley disability benefits. Whatley offers no evidence that the Plan administrator failed to consider the SSA award. Furthermore, the Plan administrator's denial of benefits was supported by substantial evidence in the record. ***Ellis v. Liberty Life Assur. Co. of Boston***, 394 F.3d 262, 273 (5th Cir. 2004) ("If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail."). The district court considered the evidence submitted by Whatley and found: two of Whatley's treating physicians had released him to work as of 20 June; and a third doctor, who had certified Whatley as disabled, admitted he had not performed disability evaluations and had agreed to certify Whatley only to fill in the gap until Whatley's next appointment with a different physician.

Whatley next contends that the Plan's failure to include a copy of his job description in the administrative record evidences abuse of discretion. As the district court correctly determined,

4

Whatley's claim is unavailing; even if his contentions are correct, he does not offer evidence to support his assertion that the Plan administrator failed to consider Whatley's ability to perform his job.

Finally Whatley asserts:  the Plan administrator applied the wrong definition of disability in resolving his claim.  Because Whatley raises this issue for the first time on appeal, we do not consider it.  *Texas Commercial Energy v. TXU Energy, Inc.,* 413 F.3d 503, 510 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006).

*AFFIRMED*